IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| JOE JOHNSON, III, : | |
| : | |
| Petitioner, : | |
| : | **1 : 09-CR-20 (WLS)** |
| : | |
| VS. : | |
| : | 28 U.S.C. § 2255: |
| : | 1 : 12-CV-90149 |
| : | |
| UNITED STATES OF AMERICA, : | |
| : | |
| Respondent. : | |

**ORDER and RECOMMENDATION**

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255, filed on October 9, 2012, is before this Court for consideration as required by the Rules Governing Section 2255 Proceedings for the United States District Courts. (Doc. 86).

The Petitioner was indicted in this Court on August 12, 2009, on charges of possession with the intent to distribute crack cocaine (Counts One, Two, and Three), and possession with the intent to distribute cocaine hydrochloride (Count Four). (Doc. 1). The Petitioner filed a motion to suppress on December 18, 2009. (Doc. 29). Following a hearing and further briefing, the district court denied the motion to suppress by Order dated March 30, 2010. (Doc. 53).

On April 2, 2010, the Petitioner pled guilty to Count Three of the indictment, charging him with possession with intent to distribute crack cocaine. (Docs. 55, 56, 78).

Petitioner was sentenced on June 23, 2010 to 274 months imprisonment followed by eight (8) years of Supervised Release.  (Docs. 60, 62, 79).

Petitioner filed a Notice of Appeal on August 3, 2010, arguing that the district court erred in denying his motion to suppress and challenging the length of his sentence.  (Doc. 66).  The Eleventh Circuit upheld the Petitioner's conviction and sentence on May 26, 2011.  (Doc. 83).

*Appellate review*

Grounds One and Three of this § 2255 Motion were presented and decided adversely to the Petitioner in the direct appeal of his conviction to the Eleventh Circuit Court of Appeals.  As such, these grounds cannot provide a basis for relief herein.  "Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255."  *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *see also Gilbert v. United States*, 640 F.3d 1293, 1331 (11th Cir. 2011) ("Our precedent clearly forecloses a habeas court from granting collateral relief on a matter raised on direct appeal.").

In Ground One, the Petitioner asserts that the district court erred in denying his Motion to Suppress in light of the conflicting testimony of witnesses.  In Ground Three, the Petitioner asserts that evidence obtained from his truck should have been excluded as fruit of the poisonous tree, or the invalid search.  In ruling on the Petitioner's assertion that the district court erred in denying his Motion to Suppress, the Court of Appeals determined that

> [t]he district court found that Johnson was a "recent occupant"

> of his truck and thus the warrantless search was warranted as a search incident to arrest. [The Petitioner] contends that the district court erred when it found that he was a "recent occupant" of his truck by "improperly credit[ing] the testimony of Government witnesses." At the suppression hearing officer Sapp testified that he saw [the Petitioner] in his truck and officer Goodwin testified that he saw [the Petitioner] next to his truck with the door open when he arrived to arrest him. The district court did not clearly err when it credited those officers testimony over [witness] Goss, who gave inconsistent testimony regarding [the Petitioner's] location during lunch.

(Doc. 83, pp. 9, 10) (internal citations omitted).

Thus, the Court of Appeals clearly decided the issue of the ruling on Petitioner's Motion to Suppress, and decided this issue adversely to the Petitioner, and this issue cannot be relitigated herein.

*Procedural default*

To the extent that the Petitioner raises claims in Ground Two of this § 2255 motion that were not raised and decided adversely to him on direct appeal, the Respondent maintains that these claims are procedurally defaulted. In Ground Two, the Petitioner challenges the "hearsay testimony at [his] suppression hearing [as having] violated his Sixth Amendment rights guaranteed under the Confrontation Clause." (Doc. 86, p. 5). The Respondent contends that the Petitioner's new challenges to his conviction were available to him on direct appeal but were not raised.

Under the rule of procedural default, "a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the

defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004). A petitioner can avoid a procedural bar by establishing one of two exceptions to the procedural default rule. "Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error. Under the second exception, a court may allow a defendant to proceed with a § 2255 motion despite his failure to show cause . . . if a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* (internal citations omitted).

To show cause for procedural default, the Petitioner "must show that some objective factor external to the defense prevented [Petitioner] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [the Petitioner's] own conduct." *Lynn*, 365 F.3d at 1235.

> Courts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal. Because collateral review is not a substitute for a direct appeal, the general rules have developed that: (1) a defendant must assert all available claims on direct appeal; and (2) relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.

*Lynn*, 365 F.3d at 1232 (internal citations omitted).

Petitioner has not established cause or prejudice for failing to raise his Ground Two claims on direct appeal, and Petitioner does not maintain his actual innocence as a basis to

establish a "complete miscarriage of justice" if his claims are not addressed herein. "[F]or purposes of the [miscarriage of justice or] actual innocence exception, 'actual innocence' means factual innocence, not mere legal insufficiency." *McKay v. United States*, 657 F.3d 1190, 1197 (11th Cir. 2011) (internal citations omitted). Petitioner has not established his factual innocence of any of the crimes for which he stands convicted.

Therefore, Petitioner is procedurally barred from raising Ground Two in his § 2255 Motion, and he has failed to establish either cause and prejudice, or actual innocence to overcome the procedural bar.

## *Motion to Amend*

Approximately twenty (20) days after the Respondent filed a response to Petitioner's § 2255 Motion, the Petitioner executed a Motion to Amend, wherein he seeks to add claims of ineffective assistance of counsel on appeal. (Doc. 91). Because Petitioner's Motion to Amend was effectively filed under the prison mailbox rule less than twenty-one (21) days after the government's response to his original § 2255 Motion, the Petitioner may amend his Petition as of right under Rule 15(a)(1) of the Federal Rules of Civil Procedure, and the Court has no discretion to deny Petitioner's Motion to Amend. *Washington v. U.S.*, 243 F.3d 1299, 1300 (11th Cir. 2001) (motion deemed filed on date delivered to prison authorities for mailing; absent evidence to the contrary, court assumes motion was delivered to prison authorities on day plaintiff signed it); *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002); *M.W. ex rel Wang v. Clarke County School Dist.*, 2007 WL 2765572 (M.D.Ga. Sept. 20, 2007) (CDL) (Court has no discretion to deny motion to amend timely

filed as a matter of course). Accordingly, Petitioner's Motion to Amend is hereby **GRANTED**.

However, a review of the proposed Amended Petition reveals that the new claim is untimely filed. Pursuant to 28 U.S.C. § 2255 (f)(1), a 1-year period of limitation applies to a § 2255 motion, running from the date on which the judgment of conviction becomes final. Petitioner's conviction became final on October 3, 2011, the date Petitioner asserts that his petition for certiorari in the United States Supreme Court was denied. (Doc. 86, ¶ 9 (g)); *Kaufmann v. United States,* 282 F.3d 1336, 1339 (11th Cir. 2002) (if the prisoner files a timely petition for certiorari ,a "judgment of conviction becomes final within the meaning of § 2255 . . . on the date on which the Supreme Court issues a decision on the merits or denies certiorari".). Claims filed more than one year after this date of finality, or after October 3, 2012, are clearly untimely. The Petitioner's Motion to Amend his § 2255 claims was filed in May of 2013, more than seven (7) months after the expiration of the one-year statute of limitations.

Moreover, it does not appear that the proposed amended claim would relate back to the date of the original Petition. Although, pursuant to Fed.R.Civ.P. 15(c), an amendment to a § 2255 motion may relate back to the date of the original pleading, "the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings." *Davenport v. United States,* 217 F.3d 1341, 1344 (11th Cir. 2000). "Instead ... the untimely claim must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate

occurrence in 'both time and type.'" *Id.; Mayle v. Felix,* 545 U.S. 644, 645 (2005) ("An amended habeas petition does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.")   The new claim of ineffective assistance of counsel on appeal which the Petitioner outlines in his Motion to Amend pertains to conduct or occurrences separate and distinct from his original § 2255 claims of alleged constitutional violations in the suppression hearing preceding his trial; namely, the conduct of appellate counsel on appeal as opposed to the pre-trial rulings of the district judge.

*Conclusion*

Inasmuch as the Petitioner is procedurally barred from raising Ground Two of this § 2255 Motion to Vacate, and Grounds One and Three cannot provide a basis for relief herein, and Petitioner is time-barred from pursuing the amended claim of ineffective assistance of counsel, it is the recommendation of the undersigned that this § 2255 motion be **DISMISSED.**   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).   Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order.   If the Petitioner files an objection to this Recommendation, he may include therein any

arguments he wishes to make regarding a certificate of appealability.

**SO ORDERED and RECOMMENDED**, this 9th day of August, 2013.


s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE