**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| JOE JOHNSON III, | : |
| Petitioner, | : |
| v. | : Case Nos. 1:09-cr-20 (WLS) |
| UNITED STATES OF AMERICA, | : 1:12-cv-90149 |
| Respondent. | : |

**ORDER**

Petitioner Joe Johnson III (Johnson) is a federal prisoner seeking under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence for possession with intent to distribute crack cocaine. The matter is before the Court on an Order and Recommendation from a United States Magistrate Judge. The magistrate judge recommends the Court dismiss the motion for various procedural reasons. Johnson objects to the recommendation. After a *de novo* review, the Court accepts and adopts the recommendation.

Johnson's amended motion sets forth four grounds for relief: (1) "the district court erred in denying [his] motion to suppress in light of conflicting, contradictory, and uncorroborated testimony of witnesses"; (2) "hearsay testimony at [his] suppression hearing violated . . . the Confrontation Clause"; (3) illegally seized evidence from his vehicle should have been excluded as fruits of the poisonous tree; and (4) ineffective assistance of appellate counsel.

On Grounds One and Three, the magistrate judge recommends the Court deny relief because the Eleventh Circuit decided these matters adversely to Johnson on direct

1

appeal. The Court agrees. A review of the Eleventh Circuit's opinion shows that the Court of Appeals reviewed both grounds and rejected them. (*See* Doc. 83 at 6–7.) A prisoner cannot re-litigate on a collateral attack issues decided adversely on direct appeal. *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2001). Johnson appears to acknowledge he litigated those issues before the Eleventh Circuit but urges the Court to lower that hurdle because he is a *pro se* party. Although courts "are to give liberal construction to the pleadings of *pro se* litigants, '[the Eleventh Circuit] nonetheless [has] required them to conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (*Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002)). Thus, the magistrate judge correctly recommended the denial of those grounds.

Ground Two is procedurally defaulted because Johnson could have raised it on direct appeal but did not. *See McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011). Johnson has not shown cause and prejudice or a miscarriage of justice to excuse the default.

Finally, the magistrate judge correctly found that ground four was untimely because it does not relate back to the original petition.  "[I]n order to relate back, the untimely claim must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type.'" *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000). Johnson's amendment does not relate back because it challenges an aspect of his appeal, while all of his original grounds pertained to a suppression hearing. *Cf. Johnson v. Sec'y, Fla. Dep't of Corrs.*, No. 1:11-cv-269-MP-GRL, 2013 WL 2251556, at *2–3 (N.D. Fla. May 21, 2013) (holding that claim of ineffective assistance of appellate counsel did not relate back to original petition, even though petition claimed trial and appellate counsel were ineffective in

failing to raise the same ground, because "trial counsel's conduct during trial and appellate counsel's conduct on appeal are distinct in both time and type"); *Harris v. Sec'y, Dep't of Corrs.*, No. 6:07-cv-1468-GAP-GJK, 2009 WL 1107674, at * 11 (M.D. Fla. Apr. 22, 2009) (same). Johnson makes several references to equitable tolling and the Supreme Court's decision in *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549 (2010). To receive equitable tolling, Johnson must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Melson v. Commissioner, Alabama Dep't of Corrections*, 713 F.3d 1086, 1089 (11th Cir. 2013) (quoting *Holland*, 130 S. Ct. at 2562). Johnson made no attempt to show either element.

Therefore, after a *de novo* review of the Recommendation (Doc. 93), the Court finds it should be, and hereby is, **ACCEPTED, ADOPTED**, and made the Order of this Court for the reason of the findings made and reasons stated therein, together with the findings made, reasons stated, and conclusions reached herein. Johnson's motion is **DENIED**.

Under Rule 11(a) of the Rules Governing Section 2254 and 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." And "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds

that no reasonable jurist would find it debatable that the Court is correct in its procedural rulings. A certificate of appealability is therefore **DENIED**.

    **SO ORDERED**, this   7th   day of October 2013.

                                          /s/ W. Louis Sands
                                        **THE HONORABLE W. LOUIS SANDS,**
                                        **UNITED STATES DISTRICT COURT**